UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
FLORENCE CHICHESTER,
    Plaintiff,

                v.

NEW YORK STATE, DEPARTMENT OF
EDUCATION, ADULT CAREER AND
CONTINUING EDUCATION SERVICES
VOCATIONAL REHABILITATION
(ACCESS-VR),
    Defendant.
----------------------------------------------------------x

**ORDER**
Case No.: 16-cv-2508
(SJF)(SIL)

**FILED**
**CLERK**
3:55 pm, Jul 17, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, Senior District Judge.

Plaintiff Florence Chichester ("Plaintiff") commenced this action against Defendant New York State, Department of Education, Adult Career and Continuing Education Services Vocational Rehabilitation (ACCESS-VR) ("State" or "Defendant") pursuant to Title II of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12132, 12133, alleging that Defendant's "behavior or failure to act were [sic] the result of discriminatory animus or ill will towards the [P]laintiff on the basis of disability."[1] (ECF No. 1; hereafter, "Complaint".) Before discovery commenced, Defendant sought and was granted permission to file its motion to dismiss the action for lack of subject matter jurisdiction. (See Docket Entry dated 12/29/2016.) On January 31, 2017, the State's fully briefed Motion to Dismiss (hereafter, "Motion") and Plaintiff's Opposition (hereafter, "Opposition") were filed (see ECF No. 20). The Motion was

---

[1] Plaintiff withdrew her second cause of action brought under the New York State Human Rights Law. (See Plaintiff's Memorandum in Opposition to Summary Judgment Motion at 2 (ECF No. 20-2); see also Plaintiff's Objection to Report and Recommendation at 1 (ECF No. 23).) The only remaining cause of action is her first one brought under Title II of the ADA.

referred to Magistrate Judge Steven I. Locke (*see* Docket Entry dated 02/15/2017).

Now before the Court is Magistrate Judge Locke's Report and Recommendation, dated June 15, 2017, that the State's Motion be granted and the case be dismissed with prejudice.[2] (*See* ECF No. 22; hereafter, "Report".) Plaintiff filed a letter objecting to the Report. (*See* ECF No. 23; hereafter, the "Objection".) The State filed a response to Plaintiff's letter, asserting it was inadequate as an objection. (*See* ECF No. 24; hereafter, "Response".) After considering the Plaintiff's Objection and the Defendant's Response, and for the reasons that follow, the Court adopts the Report in its entirety as to Plaintiff's first cause of action, the only remaining cause of action in this case.[3]

I.   Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. *See* Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, *or simply reiterates the original arguments*, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) (emphasis added); *see also Butto v. Collecto, Inc.*, 290 F.R.D. 372, 379 (E.D.N.Y.2013) ("In a case where a

---

[2] The facts underlying this action are set forth in the Report and Recommendation and are hereby incorporated by reference. *See* Report, at 2-4.

[3] *See supra* note 1.

party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp.2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp.2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.   Discussion

Plaintiff objects to Magistrate Judge Locke's finding that "(1) the court does not have subject matter jurisdiction, (2) Title II of the ADA does not cover employment discrimination, (3) New York Civil Service law Section 55-b is not a program nor is a violation of said statute covered by Title II of the ADA, and (4) New York State is immune from this suit," (Objection at 1.) For the reasons that follow, the Court will review the Report strictly for clear error.

As to Plaintiff's objection regarding the lack of subject matter jurisdiction, she fails to make any argument in support thereof.

As to the Magistrate Judge's finding that Title II does not cover her employment discrimination claims, Plaintiff directs the Court to her arguments originally made in her Opposition to the Motion.  (*See* Objection at 1 ("*As detailed in the plaintiff's memorandum of law*, Title II of the ADA does cover the allegations raised by plaintiff."  (emphasis added; citing Opposition at 4-6).)  This ostensible objection is, in actuality, a reiteration of Plaintiff's original statement that Title II of the ADA does cover her claim of employment discrimination.

Likewise, in supporting her objection to the Magistrate Judge's finding that Section 55-b is not a Title II-covered program (*i.e.*, her third objection), Plaintiff twice directs the Court to her original arguments made in her Opposition.  (*See* Objection at 2 ("The Court's attention is also directed to page "4" of the Plaintiff's Memorandum in Opposition in which it was argued that Title II . . ."; and "It was also argued in the Memorandum of Law that the plaintiff should have been protected under this employment program conducted by New York State . . .").)  This is not an argument in support of an objection, but a restatement of Plaintiff's original position.

Finally, Plaintiff states that she "cited case law on pages "8"-"9" [of her Opposition] confirming" her position that "courts have allowed actions to proceed against New York State wherein it was alleged that there was a violation of Title II of the ADA".  (Objection at 2.)  At best, this is merely a reiteration of Plaintiff's original argument.

As Plaintiff's Objection presents conclusions or reiterations of her original arguments, the Court reviews the Report strictly for clear error.  *See Frankel*, 2009 WL 465645, at *2; *Butto*, 290 F.R.D. at 379.  Upon such review, the Court is satisfied that the Report is not facially erroneous.

III.   Conclusion

Accordingly, IT IS HEREBY ORDERED that as to Plaintiff's first cause of action, Magistrate Judge Locke's Report is adopted in its entirety; and

IT IS FURTHER ORDERED that as to Plaintiff's second cause of action, the Plaintiff having withdrawn said cause of action, Magistrate Judge Locke's recommendations will not be considered; and

IT IS FURTHER ORDERED that the State's Motion to Dismiss the Complaint is granted with prejudice.  The Clerk of Court is directed to close this case.

Dated this 17th day of July 1017 at Central Islip, New York.

    \_\_/s/\_\_Sandra J. Feueerstein_____
    Sandra J. Feuerstein
    United States District Judge